...

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ALBERT C. SPANGLER,**

    **Plaintiff,**

v.

    Case No. 2:11-CV-0605
    **JUDGE EDMUND A. SARGUS, JR.**
    **MAGISTRATE JUDGE E. PRESTON DEAVERS**

**DONALD M. COLLINS, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Albert C. Spangler's Motion for Injunctive Relief (Doc. 3). For the reasons stated herein, Plaintiff's motion is **DENIED**.

Spangler, who is proceeding without the assistance of counsel, makes the following allegations in his Complaint: On or about December 6, 2010, Spangler, a convicted sex offender, applied for transfer of probation from Cherokee County, North Carolina to Delaware County, Ohio. (Compl. ¶¶ 7, 11.) The transfer was approved and Spangler moved to Ohio in January of 2011, where he registered as a sex offender with the Delaware County Sheriff's Office. (Compl. ¶ 12.) The Delaware County Probation Department apparently approved the residence proposed by Spangler.

It was later discovered that Spangler's residence at 155 Kensington Drive, Delaware, Ohio 43015 is located within 1000 feet of the preschool operated by Delaware Grace Brethren Church located at 375 Hills Miller Road, Delaware, Ohio 43015. (Compl. ¶ 15; Def.'s Mem. in Opp'n. 2.) Ohio Revised Code § 2950.034(A) prohibits anyone convicted of a sexually oriented offense from residing within 1000 feet of any school premises or child daycare/preschool

1

premises. When it was discovered that Spangler's residence was located within 1000 feet of the preschool, notification was sent by the Delaware County Prosecutor's Office that Spangler was required to move from his current residence. (Compl. ¶ 15; Def.'s Mem. in Opp'n., Ex. A.)

Spangler brings the instant action against Defendants Donald M. Collins ("Collins") and Carol Hamilton O'Brien ("O'Brien"), seeking injunctive relief for alleged violations of his rights under several provisions of the United States Constitution. (Compl. ¶¶ 19–31.) Spangler further alleges that Collins and O'Brien, in their respective official capacities as Delaware County Assistant Prosecuting Attorney and Delaware County Prosecuting Attorney, are responsible for their actions against Spangler. (Compl. ¶ 31.) Specifically, Spangler requests that the Court enjoin Collins and O'Brien from initiating prosecution to enforce O.R.C. § 2950.034(A) against him.

Federal Rule of Procedure 65 governs the issuance of preliminary injunctions. When considering a motion for a preliminary injunction, the court should consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Sandison v. Mich. High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995). While none of the factors are given controlling weight, a preliminary injunction shall not be issued where there is no likelihood of success on the merits. *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997).

In this case, Spangler does not have a strong likelihood of success on the merits. Legislative enactments are entitled to a strong presumption of constitutionality. *See State ex rel. Dickman v. Defenbacher*, 128 N.E.2d 59, 60 (Ohio 1955). A statute must be enforced unless

there is a clear and irreconcilable conflict with some express provision of the constitution. *State ex. rel. Price v. Huwe*, 137 N.E. 167, 168 (Ohio 1922). Here, Spangler is challenging the constitutionality of O.R.C. § 2950.034(A), which prohibits sexually oriented offenders from residing within 1000 feet from any school, daycare, or preschool. He claims that the application of O.R.C. § 2950.034(A) to him violates several provisions of the Constitution, including the Supremacy Clause, Due Process Clause, Full Faith and Credit Clause, and Privileges and Immunities Clause.

However, courts have reviewed similar types of challenges and have upheld such residency restrictions, finding no deprivation of a constitutionally protected property or liberty interest. *See, e.g., Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 502 (6th Cir. 2007) ( "any challenge to [Michigan's sex offender registration act] that sounds in procedural due process is . . . foreclosed"); *Cutshall v. Sundquist*, 193 F.3d 466, 479–83 (6th Cir. 1999) (holding that Tennessee's sex offender registration and notification law does not offend procedural due process); *Doe v. Dann*, No. 08-220, 2008 WL 2390778, at *12 (N.D. Ohio June 9, 2008) (finding plaintiffs unlikely to succeed on showing that residency restrictions of Ohio sex offender statute deprives them of a protected property or liberty interest); *State v. Sabol*, Nos. 23220, 23374, 2010 WL 892111, at *3 (Ohio Ct. App. Mar. 12, 2010) (holding that (1) convicted felon has no reasonable expectation that his criminal conduct will not be subject to further legislation, including the registration requirements of O.R.C. § 2950; and (2) no liberty interest was implicated); *State v. Earnhardt*, No. 23066, 2009 WL 1803814, at *1 (Ohio Ct. App. June 19, 2009) (holding that Ohio statute imposing residency restrictions on sex offenders, applied prospectively, did not violate substantive due process). These decisions are instructive in that it is apparent that there are no clear and irreconcilable conflicts between O.R.C. § 2950.034(A) and

any of the constitutional provisions under which Spangler brings his claims. Therefore, Spangler does not have a strong likelihood of succeeding on the merits of his case.

Because the Court concludes that Spangler has failed to demonstrate likelihood of success on the merits, the Court will not address the remaining three factors relevant to a preliminary injunction determination. *See Mich. State AFL-CIO*, 103 F.3d at 1249.

For the reasons stated above, Plaintiff's Motion for Injunctive Relief (Doc. 3) is **DENIED**.

**IT IS SO ORDERED.**

11-3-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

4