# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ALBERT C. SPANGLER,**

    **Plaintiff,**

                                                                                    Civil Action 2:11-cv-00605

**v.**                                                                   Magistrate Judge E.A. Preston Deavers

**DONALD M. COLLINS,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion for Judgment on the Pleadings.[1] (ECF No. 15.) For the reasons that follow, Defendants' Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff, who is proceeding *pro se*, was convicted of a sex offense in North Carolina on June 19, 2010, resulting in a two-year period of probation. On or around December 6, 2010, Plaintiff applied for a transfer of his supervision during probation from North Carolina to Delaware County, Ohio. According to Plaintiff, he applied with the understanding that he would be able to live with his sister in Ohio.

In January 2011, pursuant to the Interstate Compact for the Supervision of Adult Offenders, Ohio approved the transfer request.[2] The transfer request form, attached to Plaintiff's

---

[1] The parties have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c).

[2] The transfer request form attached to Plaintiff's Complaint is from the Interstate Commission for Adult Offender Supervision, a commission created pursuant to the Interstate Compact for the Supervision of Adult Offenders. *See* Ohio Rev. Code § 5149.21 (codifying the Interstate Compact for Supervision of Adult Offenders under Ohio law).

Complaint, indicated that Plaintiff would reside at his sister's address in Delaware, Ohio. Plaintiff moved to Ohio on or around January 31, 2011, and has lived with his sister since that time. Upon moving to Ohio, Plaintiff registered, as required under the law, as a sex offender.

On or around April 5, 2011, Plaintiff received a letter from Defendant Donald M. Collins, First Assistant at the Delaware County Prosecutor's Office. In the letter, Mr. Collins referenced Ohio Revised Code § 2950.034, which provides in pertinent part:

> No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises or preschool or child day-care center premises.

Ohio Rev. Code § 2950.034(A). Within the letter, Defendant Collins informed Plaintiff that his current residence—his sister's home—was within a 1000 foot radius of a preschool and daycare center. Mr. Collins cautioned that if Plaintiff did not establish a new residence within thirty days the Delaware County Prosecuting Attorney would seek injunctive relief against him.[3]

Plaintiff brought this action on July 12, 2011, seeking to enjoin Defendants from bringing any action against him pursuant to Ohio Revised Code § 2950.034. Plaintiff's claims that Ohio Revised Code § 2950.034 violates his due process rights and the Interstate Compact for the Supervision of Adult Offenders preempts the state statute. On December 7, 2011, Defendants moved for judgment on the pleadings, maintaining that Plaintiff fails to state a viable claim for relief. Defendants' Motion is now ripe for review.

---

[3] Ohio Revised Code § 2950.034(B) allows a prosecuting attorney to seek injunctive relief against violators of the statute.

## II. STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court evaluates a motion filed under Rule 12(c) using the same standard as a Rule 12(b)(6) motion to dismiss. *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (holding, pursuant to *Iqbal* and *Twombly*, that a plaintiff must allege sufficiently specific facts to state a facially plausible claim even if such facts are in the hands of the defendants).

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning*

*Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Plaintiff contends that Ohio Revised Code § 2950.034 conflicts with the Interstate Compact for the Supervision of Adult Offenders. He maintains that Ohio Revised Code § 2950.034 violates the Supremacy Clause of the United States Constitution, his due process rights, and other constitutional provisions. For the following reasons, the Court concludes that Plaintiff's Complaint fails to state any facially plausible claim for relief and Defendants are entitled to judgment as a matter of law.

**A.     The Interstate Compact for the Supervision of Adult Offenders**

The Compact Clause of the United States Constitution provides "[n]o State shall, without the Consent of Congress, enter into any Agreement or Compact with another State . . . ." U.S. Const. art. I, § 10, cl. 3. "[C]ongressional consent transforms an interstate compact within this Clause into a law of the United States . . . ." *Cuyler v. Adams*, 449 U.S. 433, 438 (1981). "Congress may consent to an interstate compact by authorizing joint state action in advance or by giving expressed or implied approval to an agreement the States have already joined." *Id.* at 441. Although an interstate compact becomes federal law upon consent, it remains a contract in nature, and "must be construed and applied in accordance with its terms." *Texas v. New Mexico*, 482 U.S. 124, 128 (1987). Finally, the Supreme Court has held that an interstate compact may properly involve "a reasonable and carefully limited delegation of power to an interstate agency." *West Virginia ex rel. Dyer v. Sims*, 341 U.S. 22, 31 (1951).

4

As it relates to this case, Ohio has adopted the Interstate Compact for the Supervision of Adult Offenders, codified at Ohio Revised Code § 5149.21.[4] The purpose of the Compact is "to provide for the effective tracking, supervision, and rehabilitation of [the relevant] offenders by the sending and receiving states . . . ." Ohio Rev. Code § 5149.21. Additionally, the Compact created the Interstate Commission for Adult Offender Supervision ("ICAOS") to "establish uniform procedures to manage the movement between states of adults placed under community supervision and released to the community . . . ." *Id.*

Plaintiff submits that Congress provided advanced consent to the Compact by enacting the Crime Control Act, 4 U.S.C. § 112. This Act specifically provides:

> The consent of Congress is hereby given to any two or more States to enter into agreements or compacts for cooperative effort and mutual assistance in the prevention of crime and in the enforcement of their respective criminal laws and policies, and to establish such agencies, joint or otherwise, as they may deem desirable for making effective such agreements and compacts.

4 U.S.C. § 112(a). At least two federal circuit courts have also suggested that the Crime Control Act provides congressional consent to the Interstate Compact for the Supervision of Adult Offenders. *See M.F. v. State of New York Exec. Dept. Div. of Parole*, 640 F.3d 491, 494 (2nd Cir. 2011) (indicating that Congress authorized the Compact under 4 U.S.C. § 112 and, therefore, the Compact "has the force of federal law"); *Doe v. Pennsylvania Bd. of Prob. & Parole*, 513 F.3d 95, 99 n.1 (3rd Cir. 2008) (noting that Congress approved both the Interstate Compact for Supervision of Adult Offenders and its predecessor through 4 U.S.C. § 112).

**B.     Supremacy Clause**

Plaintiff brings his first claim pursuant to the Supremacy Clause. He asserts that because

---

[4] North Carolina, the transferring state, is also a member of the Compact. N.C. Gen. Stat. §§ 148-65.4 to 148-65.9.

Congress has approved the Interstate Compact for the Supervision of Adult Offenders, it has the force of federal law. Plaintiff further maintains that, pursuant to the Compact, he transferred to Ohio with the understanding that he would be able to live with his sister at her residence. Accordingly, Plaintiff maintains that the Interstate Compact preempts Ohio Revised Code § 2950.034, as applied to him, to the extent Section 2950.034 would require Plaintiff to move from this residence.

"The federal preemption doctrine has grown out of the Supremacy Clause of the United States Constitution, which provides in part 'the Laws of the United States which shall be made in Pursuance' of the Constitution 'shall be the supreme Law of the Land.'" *State Farm Bank v. Reardon*, 539 F.3d 336, 341 (6th Cir. 2008) (quoting U.S. Const., art. VI, cl. 2). The United State Court of Appeals for the Sixth Circuit has provided the following outline for federal preemption:

> In general, a federal law may preempt a state law in any of the following three scenarios. First, a federal statute may expressly preempt the state law. Second, a federal law may impliedly preempt a state law. Third, preemption results from an actual conflict between a federal and a state law.

*Wimbush v. Wyeth*, 619 F.3d 632, 643 (6th Cir. 2010) (internal quotations omitted).

"Express preemption exists where either a federal statute or regulation contains explicit language indicating that a specific type of state law is preempted." *Reardon*, 539 F.3d at 341–42. Implied preemption, on the other hand, "exists where the scheme of federal regulation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." *Id.* at 342. Finally, "[c]onflict preemption refers to circumstances where compliance with both federal and state regulations is a physical impossibility, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of

6

Congress." *Wimbush*, 619 F.3d at 643 (internal quotations omitted). The Sixth Circuit has further required that "[c]onflict preemption analysis should be narrow and precise, to prevent the diminution of the role Congress reserved to the States while at the same time preserving the federal role." *Id.* (internal quotations omitted).

Here, assuming that the Interstate Compact for the Supervision of Adult Offenders carries the full force of federal law, the Compact does not preempt Ohio Revised Code § 2950.034. Plaintiff's allegations do not suggest that the Compact expressly or impliedly preempts Ohio Revised Code § 2950.034. Rather, Plaintiff appears to contend that conflict preemption applies, because the residency restriction of Ohio Revised Code § 2950.034 interferes with his ability to live with his sister.

The requirements of conflict preemption, however, are not met in this case. Plaintiff's preemption claim is grounded in the notion that the Compact created a right for him to live at his sister's address. Contrary to Plaintiff's assertions, however, the Compact does not grant an offender the right to live at any particular address following transfer. In fact, the Compact does not create a "'right' of any offender to live in another state" at all, and allows a sending state to retake an offender from a receiving state at any time. Ohio Rev. Code § 5149.21; *cf. also M.F. v. State of New York*, 640 F.3d at 496 (concluding that the Compact "does not create rights for probationers or parolees") (internal quotations omitted).

Furthermore, Ohio Revised Code § 2950.034 does not conflict with the Rules that the ICAOS has set forth to implement the Compact. The ICAOS Rules suggest that, in requesting a transfer, a sending state will generally provide a proposed plan of supervision to the receiving

state.[5] *See* ICAOS Rule 3.101(b) (March 1, 2012), *available at* http://www.interstatecompact.org/ (requiring a "valid plan of supervision" to make a transfer to the receiving state mandatory). Nevertheless, once a receiving state accepts transfer, the ICAOS Rules place the manner of supervision in the power of the receiving state. Specifically, the Rules allow a receiving state to supervise an offender "in a manner determined by the receiving state and consistent with the supervision of other similar offenders sentenced in the receiving state." ICAOS Rule 4.101. The Rules also recognize that "during the term of supervision . . . the receiving state may impose a special condition on an offender transferred under the interstate compact if that special condition would have been imposed on the offender if sentence had been imposed in the receiving state." ICAOS Rule 4.103. Nothing in the Rules suggests that a transferred offender is exempt from applicable substantive laws of the receiving state.

Based on the preceding analysis, the Court concludes that neither the Compact nor the ICAOS Rules prohibit a receiving state, following a transfer under the Compact, from enforcing its sex-offender residency laws upon a finding that an offender's residence is in violation of such laws.[6] Consequently, even noting the unique facts of this case, the Court finds that compliance with both the Compact and Ohio Revised Code § 2950.034 is not impossible. Additionally, Ohio Revised Code § 2950.034 does not stand as an obstacle to the implementation of the

---

[5] In this case, Plaintiff's Complaint, as well as the attached transfer request form, indicate that Plaintiff's plan of supervision included living with his sister.

[6] The ICAOS Rules suggest that under certain circumstances, sex-offender residency laws may serve as justification for a receiving state to deny transfer. *See* ICAOS Rule 3.101-3(c) (providing that under certain circumstances a receiving state may deny reporting instructions if it discovers, within five business days, that a sex offender's proposed residence violates state law). This Rule, however, does not pose any restrictions on a receiving state's supervision of a sex offender, and does not prohibit the receiving state from applying its laws, once the state has accepted transfer.

Compact. Accordingly, Plaintiff fails to state a facially plausible claim for preemption.

**C.     Due Process**

Plaintiff also maintains that the residency restriction of Ohio Revised Code § 2950.034 violates his due process rights. In his Complaint, Plaintiff suggests that the Court must apply a heightened scrutiny, implying that he has asserted a substantive-due process claim. The pleadings before the Court, as well as Plaintiff's briefing, reveal that he is bringing a procedural-due process claim. The Court finds both theories unavailing.

The due process clause of the Fourteenth Amendment "protect[s] both procedural and substantive due process rights." *Ziss Bros. Const. Co., Inc. v. City of Independence, Ohio*, 439 F. App'x 467, 471 (6th Cir. 2011). Substantive due process limitations "are meant to provide heightened protection against government interference with certain fundamental rights and liberty interests." *Grinter v. Knight*, 532 F.3d 567, 573 (6th Cir. 2008) (internal quotations omitted). "However, identifying a new fundamental right subject to the protections of substantive due process is often an uphill battle, as the list of fundamental rights is short." *Id.* (internal quotations omitted). Accordingly, "[w]hen reviewing a substantive due process claim, [the Court] must first craft a careful description of the asserted right." *Does v. Munoz*, 507 F.3d 961, 964 (6th Cir. 2007) (internal quotations omitted). "Government actions that burden the exercise of those fundamental rights or liberty interests are subject to strict scrutiny, and will be upheld only when they are narrowly tailored to a compelling governmental interest." *Id.* (internal quotations omitted). On the other hand, "statutes that do not implicate a plaintiff's fundamental rights" receive rational-basis review. *Id.* at 966.

"Procedural due process requires that '[w]hen government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in

9

a fair manner.'" *United States v. Green*, 654 F.3d 637, 652 (6th Cir. 2011) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). Accordingly, procedural due process generally requires notice and an opportunity to be heard. *Marderosian v. City of Beavercreek*, 423 F. App'x 524, 527 (6th Cir. 2011); *see also Balogun v. Kish*, No. 4:11CV0804, 2011 WL 3900588, at *4 (N.D. Ohio Sept. 6, 2011) (emphasizing that due process requires notice and an opportunity to be heard, but "does not guarantee that Plaintiff will receive the results he desires").

Here, Plaintiff's Complaint fails to state a plausible substantive-due process claim. Reading Plaintiff's Complaint, the Court cannot clearly decipher exactly what fundamental right he believes Ohio Revised Code § 2950.034 burdens. Other plaintiffs challenging similar residency-restriction statutes, however, have asserted that such statutes burden rights to family relationships and the right "to live where you want." *Doe v. Miller*, 405 F.3d 700, 710, 713–14 (8th Cir. 2005). Here, the Court finds that the residency restriction within Ohio Revised Code § 2950.034 does not implicate a fundamental right. *See Weems v. Little Rock Police Dept.*, 453 F.3d 1010, 1015 (8th Cir. 2006) (holding that Arkansas statute prohibiting sex offenders from living within 2000 feet of a school did not infringe on a fundamental right). Ohio Revised Code § 2950.034 does not impair Plaintiff's interests in family relations because it "does not prevent persons subject to its restrictions from living with their families, it only regulates the location where they may live." *Doe v. Petro*, No. 1:05-CV-125, 2005 WL 1038846, at * 3 (S.D. Ohio May 3, 2005) (holding that Plaintiff was not likely to succeed on various constitutional challenges to Ohio law forbidding sex offenders from living within 1,000 feet of a school). Furthermore, as at least one federal circuit court has explicitly held that the Constitution does not establish "a right to 'live where you want' that requires strict scrutiny . . . ." *Miller*, 405 F.3d at 714.

10

Because Ohio Revised Code § 2950.034 does not implicate a fundamental right, the Court reviews Plaintiff's due process claim under a rational basis standard. Put another way, the Court must determine whether Ohio's sex-offender residency law promotes, and is rationally related to, a legitimate state interest. The statute easily survives this level of scrutiny. The state has a legitimate interest in promoting the safety of children. Prohibiting sex offenders from living within a 1000 feet of schools is reasonably related to this interest. Various federal courts have reached similar conclusions under like circumstances. *See, e.g.*, *Miller*, 405 F.3d at 714–16 (holding that Iowa statute prohibiting persons convicted of certain sex offenses from living within 2000 feet of a school survived rational-basis scrutiny); *Doe v. Baker*, No. Civ. A 1:05-CV-2265, 2006 WL 905368, at *7 (N.D. Ga. April 5, 2006) (determining Georgia law prohibiting registered sex offenders from residing within 1000 feet of a child care facility was "rationally related to the legitimate government interest of protecting children").

To the extent Plaintiff is attempting to state a procedural-due process claim, this claim also fails. Even assuming a protected liberty or property interest is at stake, Plaintiff fails to state sufficient facts in his Complaint for the Court to reasonably infer that he is being denied notice or an opportunity to be heard. Rather, the letter from Defendants, attached to Plaintiff's Complaint, indicates that Plaintiff received notice of the restriction set forth in Ohio Revised Code § 2950.034, relating to the proximity of his residence to a school, and of the State's intent to apply it to him. Furthermore, Plaintiff provides no reason to conclude that Ohio courts will deny him an opportunity to be heard if Defendants do seek injunctive relief against him.

**D.      Other Claims**

In addition to his Supremacy Clause and due process claims, Plaintiff attempts to raise various other causes of action. None of Plaintiff's remaining causes of action, however, states a

viable claim.

First, Plaintiff has failed to state a claim under the Contracts Clause of the United States Constitution. The Contracts Clause provides that "[n]o state shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ." U.S. Const. art. I, § 10, cl. 1. In evaluating a Contracts Clause claim, the Court must consider "whether the complainant has shown 'a substantial impairment' of a contractual relationship." *729, Inc. v. Kenton Cnty. Fiscal Court*, 515 F.3d 485, 493 (6th Cir. 2008) (internal quotations omitted). Furthermore, "[e]stablishing a 'substantial impairment' requires showing (1) that there is a contractual relationship; (2) that a change in law impairs that contractual relationship; and (3) that the impairment is substantial. *Id.* at 494. Here, for the reasons described above, the law does not violate the Contracts Clause because there is no substantial impairment in this case, as Ohio Revised Code § 2950.034 does not impair the contractual relationship embedded in the Interstate Compact for the Supervision of Adult Offenders.

Second, Plaintiff fails to state a claim under the Full Faith and Credit Clause of the Constitution. The Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. The Supreme Court has held that, pursuant to the Full Faith and Credit Clause, "a State need not substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate." *Franchise Tax Bd. of California v. Hyatt*, 538 U.S. 488, 496 (2003). In this case, Ohio is competent to legislate regarding the subject matter of Ohio Revised Code § 2950.034 and need not substitute the laws of other states. Thus, the law does not impinge on the Full Faith and Credit Clause.

Furthermore, Plaintiff's attempt to raise a claim under the Privilege and Immunities

Clause also fails. To the extent Plaintiff seeks to raise a Privileges and Immunities claim pursuant to Article IV of the Constitution, "[t]his clause requires only that states give to citizens of every other state the same privileges and immunities that their own citizens enjoy." *McKay v. Thompson*, 226 F.3d 752, 756 (6th Cir. 2000). Here, Plaintiff fails to allege sufficient facts for the Court to conclude that Ohio is applying Section 2950.034 to discriminate against citizens of other states.

To the extent Plaintiff seeks to raise a Privileges and Immunities Clause claim pursuant to the Fourteen Amendment, this Clause "prohibits states from abridging the privileges or immunities of national citizenship." *Johnson v. Bredesen*, 624 F.3d 742, 751–52 (6th Cir. 2010). "[T]he privileges and immunities entitled to constitutional protection have been described as those that are fundamental, basic, or essential to the maintenance and vitality of the Union." *Alerding v. Ohio High School Athletic Ass'n*, 779 F.2d 315, 317 (6th Cir. 1985) (internal quotations and citations omitted). In this case, Plaintiff only asserts that Ohio Revised Code § 2950.034 violates his right to equal justice. The Court has uncovered no authority to support that such a broad and vague right is incorporated in the Fourteenth Amendments Privilege and Immunities Clause, which traditionally "has been narrowly construed." *Luckey v. Butler Cnty.*, No. 1:05CV388, 2006 WL 91592, at *1 n.2 (S.D. Ohio Jan. 13, 2006). Even assuming such a right is within the bounds of the Fourteenth Amendment's Privileges and Immunities Clause, Plaintiff does not maintain that Ohio is applying Section 2950.034 in an unequal manner.

Finally, Plaintiff's claims that Ohio Revised Code § 2950.034 violates the Uniform Commercial Code and forces Defendants to breach their fiduciary duties are without merit. As Defendants note, the Uniform Commercial Code, codified at Ohio Revised Code § 1302.01 *et seq.*, is not applicable to the facts of this case. Furthermore, Plaintiff does not articulate how

Defendants are breaching any fiduciary duty owed to the public, especially given that Ohio Revised Code § 2950.034 is not in conflict with the Interstate Compact for the Supervision of Adult Offenders.

The Court recognizes the difficult position in which Plaintiff finds himself. After all, he attempted to comply with the letter of the law and had all indications that he would be able to live at his sister's residence following transfer. It is unfortunate that the underlying residency issue was not resolved prior to Plaintiff's transfer under the Compact. Nevertheless, the Compact does not preclude enforcement of Ohio Revised Code § 2950.034. Consequently, Plaintiff fails to state any plausible claim for relief and dismissal is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is **GRANTED**. (ECF No. 15.) The Clerk is **DIRECTED** to enter judgment for Defendants and remove this case from the Court's pending case list.

**IT IS SO ORDERED.**

Date: April 16, 2012　　　　　　　　　　　　　　　／s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　　Elizabeth A. Preston Deavers
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge